**Jose Miguel LEON, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICES; John Ashcroft, Attorney General,\* Respondents.**

No. 99–71112.

I & NS No. A92–167–076.

\* John Ashcroft is substituted for his predecessor, Janet Reno, Attorney General, at P. 43(c)(2).

\*\* The panel finds this case appropriate for submission without oral argument pursuant to Fed. R.App. P. 34(a)(2).

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 7, 2001 \*\*.

Decided Dec. 13, 2001.

Before BEEZER and WARDLAW, Circuit Judges, and SCHWARZER,\*\*\* District Judge.

MEMORANDUM \*\*\*\*

\*\*\* Honorable William W Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation.

\*\*\*\* This disposition is inappropriate for publication and may not be cited to or by the courts of this circuit except as 9th Cir. R. 36–3 may provide.

Petitioner Jose Miguel Leon–Alarcon ("Leon" or "Petitioner"), a native and citizen of Mexico, petitions for review of the decision of the Board of Immigration Appeals affirming the Immigration Judge's decision finding him removable as an aggravated felon under INA § 237(a)(2)(A)(iii) for his prior DUI conviction. We have jurisdiction pursuant to 8 U.S.C. § 1252(a)(2)(C), and we grant the petition.

Leon argues that driving a vehicle under the influence of alcohol, in violation of California Vehicle Code § 23152(a), is not a crime of violence and therefore is not an aggravated felony under INA § 237(a)(2)(A)(iii). In light of *United States v. Trinidad–Aquino*, 259 F.3d 1140 (9th Cir.2001), we must agree. There, we examined California Vehicle Code § 23153 and determined that driving under the influence of alcohol resulting in injury to another was not an "aggravated felony." If driving under the influence with injury to another does not amount to recklessness sufficient to qualify as an aggravated felony, driving under the influence alone cannot suffice. Although the government makes an appealing argument that under *United States v. Ceron–Sanchez*, 222 F.3d 1169 (9th Cir.2000), an offense requiring a recklessness mens rea may be a crime of violence, we believe that the logic of *Trinidad–Aquino* compels a contrary conclusion here.

PETITION GRANTED.